**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARY J. SPARGO-MARQUEZ,

    Plaintiff,

    vs.                                                                                  No. CIV 96-1097 JC/DJS

EBERLINE INSTRUMENTS CORP. and
THERMO INSTRUMENT SYSTEMS, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendants' Motion for Summary Judgment, filed September 22, 1997 (Docket No. 25). The Court has reviewed the motion, the memoranda submitted by the parties, the relevant authorities and heard oral argument on October 3, 1997. The Court finds that the motion is well taken and will be granted in part and denied in part.

**Background**

Defendant Eberline Instruments Corporation manufactures radiation detection and monitoring devices. Defendant Thermo Instruments is the parent corporation of Eberline Instruments. Plaintiff Mary Spargo-Marquez worked for Eberline off-and-on from December 1976 until July 1995. In June of 1992, Plaintiff was promoted to the position of Quality Assurance ("QA") Manager. The person she replaced was Mr. Julian Wells, who had previously been promoted to the head of the manufacturing department at Eberline.

Plaintiff's lawsuit involves events that transpired once she was promoted into the QA manager position. Her lawsuit consists of two counts: (1) Discrimination based on sex; and, (2) Pay-based sex discrimination under the Equal Pay Act and Title VII.

<u>Claim No. 1:  Discrimination Based on Sex</u>:

In April of 1994, Eberline reorganized.  Part of the reorganization included having Plaintiff report to Mr. John Stanke, the new operations manager.  Plaintiff cites three events that transpired between her and Mr. Stanke that she claims were the result of sexual discrimination.

First, Plaintiff complains about an evaluation she received from Mr. Stanke in November of 1994.  In the evaluation, Mr. Stanke marked Plaintiff as satisfactory in all traits except leadership, under which he marked her as in need of improvement.  In the comments section of the evaluation, Plaintiff wrote that she thought the evaluation was sexist.

Second, she complains about Mr. Stanke second-guessing her judgment regarding a work-related injury that occurred to an Eberline employee.  In January of 1995, an employee sustained an eye injury, and Plaintiff coordinated getting the individual medical assistance.  Apparently, Mr. Stanke believed that Plaintiff delayed in getting the individual medical assistance and allegedly went into a tirade, yelling at Plaintiff.

Finally, Plaintiff complains that Mr. Stanke never gave her positive reinforcement.

<u>Claim #2:  Pay-Based Sex Discrimination</u>:

Plaintiff's second claim involves disparities in salaries and bonuses between her and: (1) Julian Wells, her predecessor; (2) other managers in Eberline; and, (3) Larry Schilling, her successor. Plaintiff claims that she made less than everyone else because she is a woman.

**Analysis**

<u>I.  Standard of Review on Motion for Summary Judgment</u>

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970); Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995).

II.  Discrimination Based on Sex

Plaintiff's first claim of discrimination fails for two alternate reasons:  (1) failure to exhaust administrative remedies; and, (2) insufficiency of evidence.  To bring a Title VII cause of action, an employee must file a discrimination charge with the EEOC.  Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974); Bolden v. PRC, Inc., 43 F.3d 545,552 (10th Cir. 1995).  A federal court does not have jurisdiction to hear the employee's case unless the employee pursued her EEOC remedies.

In this case, Plaintiff filed an EEOC complaint on August 11, 1995.  In her EEOC complaint, Plaintiff complained of gender-based pay disparity--the same complaint she makes in this suit under the Equal Pay Act and Title VII.  Plaintiff, however, did not bring any other discrimination claims before the EEOC.  Consequently, summary judgment will be granted as to her Title VII-based gender discrimination claim revolving around the three "Stanke" incidents.

Plaintiff's Title VII discrimination claim also fails for insufficiency of evidence.  Plaintiff has presented no evidence that any of the three incidents involving Mr. Stanke were gender motivated.  Ms. Spargo's only reference to discrimination vis-a-vis the three Stanke incidents, is the fact that she wrote that her 1994 evaluation was "sexist."  However, there is nothing in the record to support that claim.  Plaintiff has presented no evidence of gender discrimination with respect to the "Stanke" incidents.  Consequently, summary judgment will be granted as to Plaintiff's Title VII-based discrimination claim.  See, e.g., Derr v. Gulf Oil Corp., 796 F.2d 340, 344 (10th Cir. 1986).

III.  Pay Disparity

Summary judgment will also be granted for Plaintiff's EPA and Title VII claims based on the alleged pay disparity between Plaintiff and the other managers at Eberline.  Plaintiff claims she should have made as much as the other managers in the company.  However, the only evidence she presents to support such a claim is the job descriptions of the other managers, and a block diagram showing that each of the other managers also reported to the President of Eberline.  Plaintiff has provided just enough evidence to prove that the other manager positions were just that–other positions.  The skills, duties and responsibilities were all different.

Summary judgment will also be granted for the EPA and Title VII claims based on alleged pay disparity between Mr. Schilling and Plaintiff.  Plaintiff has admitted that Mr. Schilling was hired at the same salary she was; consequently, she has not shown the requisite pay differential.  29 U.S.C. § 206(d)(1); Tidewell v. Fort Howard Corp., 989 F.2d 406, 408-410 (10th Cir. 1993).

Finally, summary judgment will be denied as to the EPA and Title VII claims based on the disparity in salary between Mr. Wells and Plaintiff.  Plaintiff has narrowly shown that the two positions were "substantially equal" under the EPA.  See Tidewell, 989 F.2d at  409; Thompson v. City of Albuquerque, 950 F. Supp. 1098, 1101 (D.N.M. 1996).  Plaintiff has also proffered enough evidence to show that the two QA positions were similar under Title VII, and that Defendants' legitimate nondiscriminatory reason for Mr. Wells' higher pay--that he had more experience, training and job responsibilities--was pretext.  Plaintiff's qualifications can be viewed as evidence that Mr. Wells was not more qualified, or had more experience.

Although I may have indicated otherwise in the October 3, 1997 hearing, Defendants' argument that these claims are barred by the statutes of limitations is without merit.  The Court finds

that even though Plaintiff complained of the pay disparity when she initially accepted the job in June of 1992, each subsequent paycheck formed the basis of a continuing violation under Title VII and the EPA.  Hendrix v. Yazoo City, 911 F.2d 1102, 1103 & n.10 (5th Cir. 1990); Gandy v. Sullivan County, 24 F.3d 861, 864 (6th Cir. 1994); EEOC v. McCarthy, 768 F.2d 1, 3-4 (1st Cir. 1985); Mitchell v. Jefferson County Bd. of Educ., 936 F.2d 539, 547-48 (11th Cir. 1991); Gibbs v. Pierce County Law Enforcement Support Agency, 785 F.2d 1396, 1399-1400 (9th Cir. 1986); see, e.g., Corning Glassware v. Brennan, 417 U.S. 188, 205-210 (1974).

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is granted for Plaintiff's Title VII-based gender discrimination claim and Plaintiff's pay disparity claims surrounding Eberline's other managers and Mr. Larry Schilling.  Summary judgment is denied for Plaintiff's pay disparity claims as to Mr. Julian Wells.

DATED this 15th day of October, 1997.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:      Gail A. Heglund
                            Albuquerque, New Mexico

Counsel for Defendants:     Geoffrey D. Rieder
                            Albuquerque, New Mexico